By the Court.—Dugro, J.
This is an appeal by the defendants from a judgment and an order denying a motion for a new trial.
The plaintiff’s claim was based upon a written agreement in the following terms, signed by the parties to this action:
“New York, Jan. 9, 1888.
“ In consideration of one dollar to each another in hand paid, David J. Boehm and George P. Lies & Co. agree to the following: That said David J. Boehm hereby agrees *438 to deliver to said George P. Lies & Co. two hundred and fifty shares of stock of the North American Cigar Machinery Co., at the rates of thirty dollars per share, and said George P. Lies & Co. agree to accept from said D. J. Boehm said above mentioned shares of stock and pay to said Boehm the sum of seven thousand five hundred dollars for the two hundred and fifty shares of said stock.
“ D. J. Boehm.
“ Geo. P. Lies & Co.”
Having within a reasonable time tendered to the defendants the stock referred to in the agreement, the plaintiff demanded payment therefor, and upon its refusal brought this action.
The defendants, for a first defence, denied that the copy agreement set forth in the complaint is a truthful or accurate copy of the original agreement, and for a further defence, alleged that they were induced to sign the contract through the fraudulent representations of the plaintiff, and by a reliance upon an oral contemporaneous agreement whereby it was agreed that no time for the delivery of the stock should be specified, and that the defendants should be under no obligation to accept or pay for the stock until the machines would prove perfectly practical and thoroughly suited to do the work and effect the saving claimed for it by the plaintiff.
Upon the trial the defendants claimed the right to open the case to the jury and excepted to the denial of their claim.
The first defence contained in the answer is a denial that the agreement set forth in the complaint is a truthful and accurate copy of the original contract. This denial raised no issue. It does not, however, lie with the defendants to claim that this is so. The court took their action in interposing it to have been in good faith, accepted their claim, or representation that the matter *439 set forth, if true, constituted a good defence, and proceeded with the trial accordingly. In the absence of a clear and positive disclaimer of this matter as a defence, they cannot be heard to complain, because the court in disposing of their motion accepted their view of its sufficiency. To hold otherwise would be to permit a defendant who has interposed a frivolous answer to gain an advantage thereby.
If the court was misled it was through the defendants’ action.
The main question in this case is presented by the claim that the agreement of January 9th was partly oral and partly written. The oral part, it is claimed, was, in effect, that the plaintiff should not compel an acceptance of the stock until the machines should prove perfect and practical.
I will assume that the defendants offered evidence tending to establish the oral part of the alleged agreement.
It seems to me that if the defendants are permitted to show an oral agreement providing for the time of payment to be otherwise than within a reasonable time, they would vary the terms of the written contract.
The written agreement had a settled legal meaning as to time of performance, and this meaning it must be presumed was known to the parties and considered in the making of the contract. The law implies as effectually as though it appeared in express terms, that performance was to be made within a reasonable time, and the implication cannot be rebutted by extrinsic testimony going to fix a definite term, because this varies the contract. Parsons on Contracts, vol. 2, p. 794; Atwood v. Cobb, 16 Pickering, 227. Thus, also, a written promise to pay money, no time being expressed, means a promise to pay it on demand, and evidence that a payment at a future day was intended is not admissible. Parsons on Contracts, vol. 2, p. 552.
*440 The general rule which excludes parol evidence when offered to contradict or vary the terms or legal import of a written agreement is well settled. It has exceptions, and among them, claimed as pertinent, that the promisor may show that the instrument sued upon was executed in part performance of an entire oral agreement; that the rule has no application to collateral undertakings. Engelhorn v. Reitlinger, 122 N. Y., 76; Eighmie v. Taylor, 98 Ib., 288.
“ The writings which are protected from the effect of contemporaneous stipulations are those containing the terms of a contract between the parties, and designed to be the repository and evidence of their final intention. If, upon inspection and study of the writing, read, it may be, in the light of surrounding circumstances, in order to its proper understanding and interpretation, it appears to contain the engagement of the parties and to define the object and measure the extent of such engagement, it constitutes the contract between them and is presumed to contain the whole of the contract. ****** When the writing does' not purport to disclose the contract or cover it. When in view of its language, read in connection with attendant facts, it seems not designed as a written statement of an agreement, but merely as an execution of some part or detail of an unexpressed contract. When it purports only to state one side of an agreement merely, and is the act of one of the parties only in the performance of this promise. In these and the like cases the exceptions may properly apply and the oral agreement be shown.” Examining the character of the writing and reading it in the light of the purpose of the makers and the surroundings, we must determine whether this* case falls within the exception.
Here is a complete agreement. It covers the obligations and duties of both parties and it leaves nothing unprovided for. If it is to be controlled by evidence *441 of the parol stipulation alleged in the answer, its legal import as to time of performance will be varied; it will not be, as the law implies from the writing, a contract to be performed within a reasonable time, but one to be performed when the machines are perfected, etc.
I think the defendants sought to vary by oral evidence a Avritten contract, and this the court properly refused to permit. All of the defendants’ exceptions to rulings upon the admissibility of evidence and to the charge and refusals to charge have been carefully examined and none of merit discovered. The charge presented the questions in the case fully and fairly; and though the learned chief judge stated to the jury his opinion as to certain testimony, he explained to .them that they were the judges of the facts and were not to be controlled by his opinions.
The judgment and order should be affirmed.
Gildersleeve, J., concurred.